FRAZIER *v*. RUMISEK.

DAVIS *v*. SAME.

1. AUTOMOBILES—OWNER LIABILITY STATUTE.

An automobile owner is liable under the owner liability law for the negligent operation of the machine owned by him when he had consented to its use, a liability that is broader than that imposed by the doctrine of *respondeat superior* (CLS 1956, § 257.401).

2. TORTS—ACTION—PARTIES.

An action to recover damages due to tortious injuries may be brought against one, some, or all of the co-owners of the thing that causes harm.

3. ABATEMENT AND REVIVAL—ACTION FOR NEGLIGENT INJURIES TO PERSON—DEATH OF DEFENDANT—SURVIVAL ACT.

An action for negligent injuries to persons, maintainable against co-owner of automobile during her lifetime, survived the death of such co-owner under the survival act (CLS 1956, § 257.401; CL 1948, § 612.32).

Appeal from Ionia; Davis (Morris K.), J.  Submitted October 13, 1959.  (Docket Nos. 62, 63, 64,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 611, 613.
Construction of automobile owner's liability statutes.  4 ALR 361; 61 ALR 866; 83 ALR 878; 88 ALR 174; 112 ALR 416; 135 ALR 481.
[2] 39 Am Jur, Parties § 40.
[3] 1 Am Jur, Abatement and Revival §§ 95, 117.

Calendar Nos. 48,215, 48,216, 48,217.)    Decided January 4, 1960.

Three consolidated cases, Russell E. Frazier, Barbara June Frazier and Shirley Baldwin Davis, against Katherine A. Rumisek and Kenneth Loucks for personal injuries resulting from automobile collision.  Katherine A. Rumisek, widow of deceased operator, Martin Rumisek, whose liability was that of joint owner, died during pendency of case.  Plaintiffs moved to substitute executor as party defendant.  Motion denied.  Plaintiffs appeal.  Reversed and remanded.

*Sigler, Anderson & Carr (Leland W. Carr, Jr.,* of counsel), for plaintiffs.

*Gemuend & Barnes (Harry H. Gemuend,* of counsel), for decedent defendant's estate.

SMITH, J.  This case[*] relates to an owner's statutory liability[†] for injuries occasioned by the negligent operation of a motor vehicle.

On December 25, 1953, Martin Rumisek was involved in an accident while driving an automobile he owned jointly with his wife.  He was killed in the accident, and his estate closed on May 10, 1954.  On June 30, 1954, the plaintiffs, who had been injured

---

[*] Actually 3 cases are before us, but they were consolidated at pretrial and, for convenience, they will be here referred to as one. Appellants state that "in each case the issue on appeal is precisely the same, and, therefore, the pleadings, decisions, and orders applicable to all of them are fairly represented by the pleadings, decisions, and orders in the Russell E. Frazier case."

[†] CLS 1956, § 257.401 (Stat Ann 1952 Rev § 9.2101) reads in part: "The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law requires.  The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

in the accident, petitioned the probate court to re-open the estate, but in this effort they met the vigorous opposition of counsel and the petition was denied. On February 17, 1956, they brought suit under the statute against his widow, Katherine Rumisek. Issue was joined and pretrial had in due course. Later, and subsequent to the running of the statute of limitations, a motion to amend the answer on the ground, in substance, that the cause of action was joint with the deceased Martin Rumisek, and for dismissal because of failure to join, was heard. This was denied by the trial court. Before, however, the cases reached trial, Katherine Rumisek was herself killed in an automobile accident. The plaintiffs' motion to substitute the executor of her will as a party defendant was denied on the ground that such liability did not survive at common law, nor did it come within the scope of the survival statute. (CL 1948, § 612.32 [Stat Ann § 27.684].)

The owner liability statute before us was passed in response to an overwhelming public need. Common-law liability, circumscribed as it was by the doctrine of bailment, *respondeat superior,* agency, and the like, was unable to cope with the rising tide of injuries resulting from the use of the new mechanism, the automobile. Principal among the legislative answers were the owner liability laws. Their purpose, as Mr. Justice EDWARDS held in *Moore* v. *Palmer,* 350 Mich 363, was to extend and complement the common law. The legislative theory was simple to state and broadly applicable: An owner was liable for the negligent operation of the machine owned by him when he had consented to its use. The liability is broader than that imposed by the doctrine of *respondeat superior,* and to the degree that older cases, including *Mittelstadt* v. *Kelly,* 202 Mich 524, and other like cases referred to in *Moore* v. *Palmer, supra,* are based upon the *re-*

*spondeat superior* doctrine, they were held, by Mr. Justice EDWARDS, with whom we concurred, to be "expressly overruled."

It has been argued that, since the automobile in this case was owned jointly, any liability under the statute would be joint only, requiring joinder of the estate of Mr. Rumisek. This argument entirely misconceives the rules of joinder. Even in the case of an action on a promise made jointly by a number of persons, joinder of the estate of a copromisor who had died would not be necessary. 1 Restatement, Contracts, § 117. Indeed, in early practice it would be improper. See *Newberry* v. *Trowbridge,* 13 Mich 263; *Murphy's Administrators* v. *Bank of the State of Alabama at Mobile,* 5 Ala 421. But we are not persuaded that the policy of the statute, the protection of the public from automobiles in the hands of reckless drivers (*Moore* v. *Palmer, supra*), requires a departure from the rule of joinder of coowners in actions in tort. Generally, such actions may be brought against one, some, or all of the coowners of the thing that causes harm. 4 Restatement, Torts, §§ 878, 882.

The action, then, being joint and several, was maintainable against Mrs. Rumisek in her lifetime, despite the nonjoinder of her husband's estate. Did, however, the action survive her death? The defendants insist not. They assert that Mrs. Rumisek was not herself "a tortfeasor," that she "was not even present at the time of the accident" and that she is a party "solely by reason of the ownership statute (CLS 1956, § 257.401 [Stat Ann 1952 Rev § 9.2101]) which unlike the nonresident owners statute* makes no provision whatever for the survival of the action in case of death or for the substitution of an executor."

---

* CLS 1956, § 257.403 (Stat Ann 1957 Cum Supp § 9.2103).— REPORTER.

The survival statute controls our decision and we turn thereto. It provides that:

"In addition to the actions which survive by the common law the following shall also survive, that is to say, actions of replevin, actions for the conversion of property, for deceit, for assault and battery, for false imprisonment, for negligent injuries to persons, for damages done to real and personal estate, and actions to recover real estate, or any interest therein, where persons have been induced to part with the same through fraudulent representations and deceit." (CL 1948, § 612.32 [Stat Ann § 27.684].)

The decisive question, with respect to the issue before us, is this: Was there a "negligent injury to the person" of the plaintiff? As to this, the answer is obvious. There was such an injury. The statute, it will be noted, is not framed in terms of tortfeasors but of negligent injuries. Many are the cases, under modern law, wherein one not himself a tortfeasor must respond, by reason of legislation enacted in the public interest, in damages for the injuries inflicted by another.

The thrust of the survival act is, then, upon causes of action. Among those which survive death are those "for negligent injuries to persons, for damages done to * * * personal estate." Here a cause of action existed, by statute, against Mrs. Rumisek as owner of the automobile involved. The cause of action was for negligent injury to person and property. It comes squarely within the act.

Reversed and remanded for further proceedings. Costs to appellants.

Dethmers, C. J., and Kelly, Black, Edwards, and Voelker, JJ., concurred.

Carr and Kavanagh, JJ., did not sit.