## CITIZENS' MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* HOUTZ.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FARM TRACTORS—OWNER LIABILITY.

   A question as to whether or not a farm tractor is a "motor vehicle" within the meaning of the owner-liability statute is not open for appellate consideration, where neither raised nor considered in the trial court (CLS 1956, §§ 257.33, 257.401).

2. AUTOMOBILES—FARM TRACTORS—CONSENT OF OWNER—RESPONDEAT SUPERIOR.

   Plaintiffs who proved negligence of operator of farm tractor and that it was being driven by such operator with the express or implied consent or knowledge of defendant owner made out a case against such owner without proof of liability under the doctrine of *respondeat superior*, it being assumed the tractor was a motor vehicle within the public-protective scope of the owner-liability statute (CLS 1956, §§ 257.33, 257.401).

Appeal from Hillsdale; Arch (Charles O.), J. Submitted June 13, 1960. (Docket No. 53, Calendar No. 48,340.) Decided September 16, 1960.

Case by Citizens' Mutual Automobile Insurance Company, a Michigan corporation, and Farn H. Salmon against J. Wallace Houtz for personal injuries and property damage arising from collision of automobile and farm tractor. Judgment for plaintiffs. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 246.
[2] 5A Am Jur, Automobiles and Highway Traffic § 619.

*Lucien D. Walworth,* for plaintiff Citizens' Mutual Automobile Insurance Company.

*Dimmers, MacRitchie & Moes,* for plaintiff Salmon.

*Harold F. Bristol,* for defendant.

BLACK, J. Plaintiffs' suit, for damages to person and property, arose out of an automotive collision which occurred in September of 1957 on a public highway of Hillsdale county. It was tried to the court without a jury and resulted in judgment for the plaintiffs in the sum of $1,526.02. Defendant has appealed.

Two questions are presented for review. The first is whether an ordinary farm tractor is a "motor vehicle" within purport and meaning of our owner-liability statute (see CLS 1956, §§ 257.33, 257.401 [Stat Ann 1952 Rev §§ 9.1833, 9.2101]).* The second question, assuming an affirmative answer to the first, is whether the defendant owner of the involved farm tractor was shown as being legally responsible to plaintiffs for the rather clearly established causal negligence of one Robert Sines, driver at the time of collision of such tractor.

Careful review of defendant's appendix, and of the original record brought here, discloses that the first stated question was neither raised nor considered in the court below. Recalling again that this is a court of review rather than trial anew, it must be held that the question is not open for appellate consideration. We proceed, as did the trial judge, on assumption that the tractor was a motor vehicle within the public-protective scope of said statute.

---

* To the point of this question, see *Haveman* v. *Kent County Road Commission,* 356 Mich 11.

The case was tried with principal address to plaintiffs' contention that Sines was an employee of defendant and was engaged in the course of such employment at the time his acts of negligence were committed. However, our recent decision in *Frazier v. Rumisek,* 358 Mich 455, considered, it was unnecessary that plaintiffs prove liability under the doctrine of *respondeat superior.* It was enough that plaintiffs establish that the tractor was, on the occasion, driven by Sines with the express or implied consent or knowledge of defendant. This they did.

We vote to affirm, with costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.