JONES v CLOVERDALE EQUIPMENT COMPANY

Docket No. 93323. Submitted August 21, 1987, at Grand Rapids. Decided October 23, 1987.

Kenneth Jones was injured when a cage in which he was enclosed fell off a forklift in the parking lot of a private construction site. Patricia Jones, individually and as next friend of Brandy, Carol Jo and Kelly Jones, joined Kenneth Jones in an action in the Muskegon Circuit Court against Cloverdale Equipment Company, owner of the forklift, and Hasper Equipment Company and Heavy Equipment Leasing Services Company, Inc., lessees of the forklift, alleging liability under the owner's liability statute. The court, James M. Graves, Jr., J., found that the forklift was not a "motor vehicle" under the Vehicle Code since it was not designed for highway use and was not being operated upon a highway at the time of the accident. Plaintiffs appealed and defendants cross-appealed.

The Court of Appeals *held:*

A device which is not actually transported or drawn upon a highway and which cannot lawfully be operated on a highway is not a vehicle within the purview of the owner's liability statute.

Affirmed.

1. AUTOMOBILES — OWNER'S LIABILITY ACT — VEHICLES.

A device which is not actually transported or drawn upon a highway and which cannot lawfully be operated on a highway is not a vehicle within the purview of the owner's liability statute (MCL 257.79, 257.401; MSA 9.1879, 9.2101).

2. AUTOMOBILES — VEHICLE CODE — MOTOR VEHICLES.

A vehicle not designed for highway use is not a "motor vehicle" within the Vehicle Code definition unless it is actually being operated on the highway at the time.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 1, 206.
Am Jur 2d, Automobile Insurance, §§ 229, 230.
See the annotations in the Index to Annotations under Automobiles and Highway Traffic.

*McCroskey, Feldman, Cochrane & Brock* (by *Robert O. Chessman*), for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer* (by *Sam F. Massie, Jr.*), for defendants Cloverdale Equipment Company and Hasper Equipment Company.

*Smith, Haughey, Rice & Roegge* (by *Jon D. VanderPloeg*), for defendant Heavy Equipment Leasing Services Co., Inc.

Before: MacKenzie, P.J., and Doctoroff and J. C. Kingsley,* JJ.

Per Curiam. Plaintiffs appeal as of right from an order granting defendants' motion for summary disposition. We affirm.

Plaintiff Kenneth Jones (plaintiff) was employed by W. W. Kimmins & Sons to cut metal away from the face of a building which Kimmins had contracted to dismantle. While performing the work, plaintiff was enclosed in a cage attached to the prongs of a forklift and raised about twenty-five feet. Plaintiff was injured when the cage fell off the forklift and toppled to the ground. The accident occurred in the parking lot of the construction site and not on a public highway. Plaintiff alleges that the accident was the result of the negligence of the coworker operating the forklift.

The forklift was owned by defendant Cloverdale Equipment Company and leased to defendant Hasper Equipment Company, who, in turn, leased it to defendant Heavy Equipment Leasing Services Company, Inc. Plaintiff filed a complaint for damages against these defendants premised on their vicarious liability as "owners" of the forklift under

* Circuit judge, sitting on the Court of Appeals by assignment.

the owner's liability statute of the civil liability act, § 401 of the Michigan Vehicle Code, MCL 257.401; MSA 9.2101. The issue in this case is whether the forklift was a "motor vehicle" as used in that statute.

The owner's liability statute states in pertinent part:

> Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a *motor vehicle* shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. *The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.* [MCL 257.401; MSA 9.2101. Emphasis added.]

The Michigan Vehicle Code defines "motor vehicle" to mean

> every *vehicle* which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails. [MCL 257.33; MSA 9.1833. Emphasis added.]

"Vehicle" means

> every device in, upon, or by which any person or property *is or may be* transported or drawn upon a highway, excepting devices exclusively moved by human power or used exclusively upon stationary

rails or tracks and excepting a mobile home. [MCL 257.79; MSA 9.1879. Emphasis added.]

In *Calladine v Hyster Co,* 155 Mich App 175, 180; 399 NW2d 404 (1986), this Court held that under the "is or may be" language found in the above-quoted definition, a device must be capable of lawful operation on a highway in order to be considered a "vehicle" within the purview of the owner's liability statute. In this case, the undisputed facts established that the subject forklift had no headlights or taillights, no turn signals, no windows or doors, and lacked registration or licensing. It was thus incapable of lawful operation on a highway. Consequently, under *Calladine,* it was not a "vehicle"—and therefore not a "motor vehicle"—for purposes of the owner's liability statute.

Even if the forklift were considered a "vehicle," *DAIIE v Spafford,* 76 Mich App 85, 89; 255 NW2d 780 (1977), lv den 402 Mich 825 (1977), instructs that a vehicle not designed for highway use is not a "motor vehicle" within the Vehicle Code definition unless it was actually being operated on the highway at the time of the accident. Here, the forklift was neither designed for use on, nor was it being operated on, a highway when plaintiff was injured. Thus it could not be considered a "motor vehicle" as that term is used in the owner's liability statute.

Because the court and all the parties relied on matters outside the pleadings to argue defendant's motion for summary disposition we treat it as one brought and considered pursuant to MCR 2.116(C)(10) and review it as such. See *Huff v Ford Motor Co,* 127 Mich App 287; 338 NW2d 387 (1983). A motion under that subrule may be

granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Here, the trial court reviewed the uncontroverted facts regarding the forklift and the accident and concluded that, because the forklift was not designed for highway use and was not being operated upon a highway at the time of the accident, it was not a "motor vehicle" as that term is used in the Michigan Vehicle Code. We find no error in the court's decision.

Our disposition of the above issue makes it unnecessary to consider defendants' cross-appeal.

Affirmed.