HARDER v HARDER

Docket No. 104953. Submitted November 8, 1988, at Lansing. Decided
April 18, 1989.

Roy Harder was operating a farm tractor owner by Walter
Opanasenko when he backed over and killed his daughter.
Angel Harder, personal representative of the estate of the
deceased daughter, brought an action against Roy Harder and
Walter Opanasenko in the Huron Circuit Court. The court, M.
Richard Knoblock, J., granted summary disposition in favor of
Opanasenko, holding that a farm tractor was not a motor
vehicle under the Vehicle Code. Plaintiff appealed.

The Court of Appeals *held:*

A farm tractor is a motor vehicle under the Vehicle Code
and, thus, is subject to the owner's liability act.

Reversed.

1. AUTOMOBILES — VEHICLE CODE — FARM TRACTORS.

A farm tractor is a motor vehicle under the Vehicle Code (MCL
257.16, 257.33, 257.79; MSA 9.1816, 9.1833, 9.1879).

2. AUTOMOBILES — FARM TRACTORS — OWNER'S LIABILITY ACT.

A farm tractor which may be lawfully used on the highway and
may be designed in part for that use falls within the ambit of
the owner's liability act (MCL 257.401 *et seq.*; MSA 9.2101 *et
seq.*).

*John P. S. Miller,* for plaintiff.

*Cubitt, Cubitt & Trowhill* (by *H. Dale Cubitt*), for
Walter Opanasenko.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 79.
What constitutes farm vehicle, construction equipment, or vehicle
temporarily on highway exempt from registration as motor vehi-
cle. 27 ALR4th 843.

Before: MacKenzie, P.J., and Weaver and E. A. Quinnell,* JJ.

Per Curiam. The issue is whether a tractor is a motor vehicle within the meaning of the owner's liability statute, MCL 257.401; MSA 9.2101.

Defendant Roy Harder backed over and fatally injured his three-year-old daughter while operating a tractor owned by defendant Walter Opanasenko. Roy Harder had been in the process of removing leaves from the driveway of his residence. Plaintiff Angel Harder, mother of the deceased and wife of Roy Harder, brought suit against both defendants, alleging that Roy Harder was negligent in his operation of the tractor and that Opanasenko was liable as the owner of the tractor. Opanasenko's liability is asserted under MCL 257.401; MSA 9.2101, the owner's liability statute, which reads in pertinent part:

> The owner of a *motor vehicle* shall be liable for any injury occasioned by the negligent operation of such *motor vehicle* whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. [Emphasis added.]

That provision is part of the civil liability act, MCL 257.401 *et seq.*; MSA 9.2101 *et seq.*, which is Chapter IV of the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*

The tractor at issue was an Oliver 770, which is a farm tractor. The trial court determined that the tractor was not a motor vehicle within the meaning of the act. Accordingly, the court ruled the statute inapplicable and granted summary disposi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion in favor of Opanasenko pursuant to MCR 2.116(C)(8), from which plaintiff appeals as of right. We reverse the trial court.

In determining whether a tractor is a motor vehicle under the terms of the statute, the most important rule of statutory interpretation is that the reviewing court discover and give effect to the intent of the Legislature. The next rule is to derive the legislative intentions from the actual language used in the statute. If the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary. *In re Certified Questions,* 416 Mich 558, 567; 331 NW2d 456 (1982); *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590, 595; 339 NW2d 470 (1983). Where, as here, a statute supplies its own glossary, courts may not import any other interpretation, but must apply the meaning of the terms as expressly defined. *Noggles v Battle Creek Wrecking, Inc,* 153 Mich App 363, 367; 395 NW2d 322 (1986). See, e.g., *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219, 226; 407 NW2d 355 (1987).

The Vehicle Code defines a motor vehicle as a vehicle which is self-propelled, MCL 257.33; MSA 9.1833, in, upon, or by which any person or property is *or may be* transported or drawn upon a highway, MCL 257.79; MSA 9.1879. The code further defines "farm tractor" as meaning "every *motor vehicle* designed and used primarily as a farm implement . . . ," MCL 257.16; MSA 9.1816 (emphasis added). We believe the language of §§ 33, 79, and 16 is clear and unambiguous and that a tractor, including the type in question here, meets the definition of a motor vehicle under the owner's liability statute. Moreover, since a farm tractor of this type may lawfully be used on the

highway, and may be designed in part for that use, it falls within the ambit of the owner's liability act. Cf. *Calladine v Hyster Co,* 155 Mich App 175; 399 NW2d 404 (1986), lv den 426 Mich 882 (1986), and *Jones v Cloverdale Equipment Co,* 165 Mich App 511; 419 NW2d 11 (1987). Our determination is consistent with our Supreme Court's conclusion in *Pioneer Ins, supra,* p 596, that a farm tractor is a motor vehicle as defined under the no-fault act. See also *State Farm Mutual Automobile Ins Co v Wyant,* 154 Mich App 745, 748; 398 NW2d 517 (1986).

We observe that 1949 PA 300, the act currently in effect, amended the previous definition of "motor vehicle." Prior to the enactment of 1949 PA 300, the term motor vehicle included "every vehicle which is self-propelled, *except* any such vehicle as may be included within the term 'farm tractor' as herein defined." (Emphasis added.) 1943 PA 99, § 1(b). In construing an amendment to a statute, it is presumed that a change in phraseology reflects a legislative intent to change the meaning of the statute. *Greek v Bassett,* 112 Mich App 556, 562; 316 NW2d 489 (1982), lv den 414 Mich 961 (1982), and cases cited therein. Here, we must presume that the deletion of farm tractor as an exception to the definition of motor vehicle reflected a legislative intent to include farm tractor within the definition of motor vehicle.

We therefore hold that a farm tractor is a motor vehicle under MCL 257.401; MSA 9.2101.[1]

The trial court's grant of summary disposition in favor of defendant Opanasenko is reversed.

---

[1] This case does not involve the definition of "motor vehicle" under the no-fault act. MCL 500.3101(2)(c); MSA 24.13101(2)(c).