WIEGERINK v MITTS & MERRILL

Docket No. 110164. Submitted December 13, 1989, at Grand Rapids. Decided March 6, 1990. Leave to appeal applied for.

Michael S. Wiegerink brought a products liability action in Ottawa Circuit Court against Mitts and Merrill, manufacturer of a wood chipper, for injuries received when his foot was amputated by the chipper. Plaintiff claimed that his foot had been pulled into the machine by a tree branch which he was chipping and alleged that defendant was negligent in failing to install safety devices on the chipper and failing to provide adequate warnings regarding the machine's operation. Defendant claimed and argued that the injury occurred when plaintiff used his foot to push the branch into the feed chute of the machine. Defendant presented proof showing that plaintiff had specific knowledge of the obvious danger posed by the unguarded chute of the chipper and that plaintiff had caused his own injury by ignoring that known danger. The trial court, James E. Townsend, J., instructed the jury that a manufacturer of a product is not required to warn of dangers that are open and obvious. The jury returned a verdict of no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

The instruction to the jury relative to a manufacturer's duty to warn of obvious dangers was not error, since there was evidence that plaintiff had specific knowledge of the danger and ignored that danger.

Affirmed.

PRODUCTS LIABILITY — JURY INSTRUCTIONS — OBVIOUS DANGERS.

A trial court in a products liability case does not commit error by instructing the jury that the defendant has no duty to warn of an open and obvious danger where the defendant has presented evidence that the plaintiff had specific knowledge of the obvious danger and that the plaintiff caused his own injury by ignoring that danger.

REFERENCES

Am Jur 2d, Products Liability §§ 341-343.

Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury. 76 ALR2d 9.

*Fielstra, Flynn, Reider, Wierengo & Brown, P.C.* (by *Andrew Wierengo, III*), for plaintiff.

*Tolly, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *David L. Harrison*), for defendant.

Before: DANHOF, C.J., and MAHER and HOOD, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action following an Ottawa County jury trial. We affirm.

Plaintiff brought a cause of action against defendant for injuries caused by a "wood chipper" machine manufactured by defendant. Plaintiff worked for S & H Tree Service for several months prior to his injury. Plaintiff was instructed on how to use the chipper and operated it fifteen to twenty hours per week. He specifically knew that he should not put his feet into the feed chute.

On the day of the incident, plaintiff drove the chipper to the work site. Plaintiff claimed he parked the truck with the chipper attached on a crest of a hill which caused the end of the chute to tilt downward. The lip of the chipper was approximately six to seven inches from the ground. Plaintiff claimed that he picked up a curved tree and threw the trunk end of the tree into the chute. As the tree trunk hit the rotor blades, the tree rotated, caught plaintiff behind his legs, and knocked him to the ground. Plaintiff's foot became snagged on a branch and he was pulled into the chipper, feet first. As a result, plaintiff lost his right foot from above the ankle.

Plaintiff brought suit, alleging that defendant was negligent in failing to install safety devices on the chipper and in failing to provide appropriate warnings regarding the machine's operation. Plaintiff presented evidence that the chipper was

unreasonably dangerous when operated on uneven ground and that warnings should have been provided regarding the need to operate the machine on level ground to keep the lip of the chute approximately twenty-seven inches off the ground. Defendant argued that it was impossible for the machine to flip a tree and then pull it and plaintiff into the machine but, rather, that plaintiff had knowingly placed his foot into the feed chute in order to force branches through and had been injured as a result. The jury returned a verdict of "no cause."

On appeal, plaintiff argues that the trial court erred by instructing the jury that a manufacturer of a product is not required to warn of dangers which are open and obvious. We disagree.

The determination whether a jury instruction is applicable and accurately states the law is within the discretion of the trial court. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 712; 436 NW2d 733 (1989). In order for a court to give a requested jury instruction, sufficient evidence must be presented by the party to warrant the instruction. *Wincher v Detroit,* 144 Mich App 448, 456; 376 NW2d 125 (1985), lv den 424 Mich 872 (1986). Jury instructions are reviewed by this Court in their entirety and should not be extracted piecemeal. *Niemi v Upper Peninsula Orthopedic Ass'n,* 173 Mich App 326, 328; 433 NW2d 363 (1988). Reversal is not required if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury. *Scalabrino v Grand Trunk W R Co,* 135 Mich App 758, 766; 356 NW2d 258 (1984), lv den 422 Mich 877 (1985). We find that, in viewing the court's instructions in their totality, there was sufficient evidence warranting instructing the jury regarding "open and obvious

danger" and that the instruction was an applicable and accurate statement of the law.

On appeal, plaintiff argues that in *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982), our Supreme Court held that the test regarding duty to warn is not whether risks are obvious, but whether they are unreasonable in light of foreseeable injury. Plaintiff's reliance on that case is misplaced because *Owens* did not reject the long-standing proposition that a manufacturer has no duty to warn of obvious and open dangers. Rather, *Owens* rejected this Court's holding that a plaintiff must prove a lack of warning of a latent defect to present a prima facie case. *Id.* at 423. In fact, the Supreme Court expressly stated that *Owens* was not a "duty to warn" case. *Id.* at 427. The Court held that open and obvious dangers do not absolutely preclude liability and that determining whether a duty exists requires determining whether the risks were unreasonable in light of the foreseeable injury. *Id.* at 425. *Owens* therefore serves as a corrective to the notion that liability does not attach where dangers are patent and obvious.

Since *Owens,* this Court has upheld the continuing viability of the "open and obvious" test. See *Reeves v Cincinnati, Inc,* 176 Mich App 181, 190; 439 NW2d 326 (1989); *Bullock v Gulf & Western Mfg,* 128 Mich App 316, 322-323; 340 NW2d 294 (1983); *Bishop v Interlake, Inc,* 121 Mich App 397, 406; 328 NW2d 643 (1982).

Plaintiff also relies on *Horen v Coleco Industries, Inc,* 169 Mich App 725, 729; 426 NW2d 794 (1988). However, the holding in *Horen* is factually distinguishable because it addressed the question of whether the trial court properly granted summary disposition based on the "open and obvious" test. *Id.* at 728. In this case, the issue of negligence

was not taken away from the jury. Further, the plaintiff in *Horen* was injured while diving off a manufacturer-supplied deck into a swimming pool, a "normal" use; whereas, in this case, defendant's theory and proofs were that plaintiff was injured due to improper use. Although this Court stated in *Horen* that the "open and obvious" test does not adequately state the law in Michigan due to its subsequent modification by *Owens,* it did not state that an instruction based on that test is error. This Court explained:

> Although such a determination may be utilized as one factor among others to conclude that the manufacturer has no duty to warn because the product is not unreasonably dangerous, the new test is whether the risks are unreasonable in light of the foreseeable injuries. [*Id.* at 729.]

It is nonetheless clear, however, that *Horen* does not completely preclude utilization of the "open and obvious" analysis as a factor to use in determining liability.

In this case, plaintiff's expert testified that it was obvious that one should not place a foot on the chute of the wood chipper. Plaintiff also testified that the danger of placing a foot on the chute was open and obvious. In addition, there was testimony that plaintiff had been previously warned by his foreman not to use his foot to kick the trees into the chipper.

We find that, where the defendant provides evidence indicating that the plaintiff had specific knowledge of an obvious danger and that the plaintiff caused his own injury by ignoring the danger, it is not error for the trial court to instruct that the defendant does not owe a duty to warn of that "open and obvious" danger. Clearly, in this case, the trial court's instruction did not

foreclose the jury's responsibility to address the issue whether, despite the "open and obvious" danger, the hazard was unreasonable in light of the foreseeable injuries.

Affirmed.