HOUSTON v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket Nos. 82144, 82145. Submitted November 5, 1986, at Lansing. Decided April 22, 1987.

Booker T. Houston, Jr., personal representative of the estate of Brenda A. Houston, deceased, brought an action in the Genesee Circuit Court against Grand Trunk Western Railroad Company and the City of Flint following the decedent's death as a result of injuries sustained in a collision between her car and a Grand Trunk train in the City of Flint. The trial court, Earl E. Borradaile, J., entered a judgment on a jury verdict of $500,000 against the defendants. Both defendants appeal claiming as error the trial court's exclusion from evidence of an order by the Michigan Department of Transportation amending an earlier order requiring Grand Trunk to install crossing gates at the grade crossing where the fatal collision occurred. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held*:

1. The exclusion of the order from evidence was not erroneous. The order was properly excluded since it was prejudicial in that it inferred that the Department of Transportation believed that Grand Trunk's noncompliance with the earlier order was due solely to the failure to realign the streets at the intersection. This was an issue to be decided by the jury. The fear that the jury might have been misled and might have decided the issue on the basis of the amended order was a legitimate concern justifying its exclusion.

2. The trial court did not abuse its discretion in refusing to give the jury a nonstandard jury instruction requested by Grand Trunk.

3. The trial court's refusal to reinstruct the jury on the

REFERENCES

Am Jur 2d, Appeal and Error §§ 776-819.
Am Jur 2d, Evidence §§ 251, 253, 260, 771, 772, 1080 *et seq.*
Am Jur 2d, Trial §§ 574, 577, 582, 583, 592, 600.
See the annotations in the Index to Annotations under Discretion of Court; Exclusion and Suppression of Evidence; Harmless and Prejudicial Error; Instructions to Jury.

definition of "proximately contributed" was not erroneous. Even if error did occur, it was harmless error.

Affirmed.

1. EVIDENCE — APPEAL.

The decision whether to admit evidence rests initially within the sound discretion of the trial court and will not be set aside absent an abuse of discretion.

2. EVIDENCE — EXCLUSION OF EVIDENCE.

Evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

3. TRIAL — JURY INSTRUCTIONS.

A properly requested Standard Jury Instruction must be given if it accurately states the law and if it is applicable to the case; a trial court may, at its discretion, give additional concise, understandable, conversational and nonargumentative instructions, provided they are applicable and accurately state the law, when a party requests an instruction that is not covered by the Standard Jury Instructions; the determination of whether a requested jury instruction is applicable and accurately states the law is within the discretion of the trial court; a supplemental instruction need not be given if the instruction would add nothing to an otherwise balanced and fair jury charge nor enhance the ability of the jurors to decide the case intelligently, fairly and impartially.

4. APPEAL — HARMLESS ERROR — COURT RULES.

An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice (MCR 2.613[A]).

*Goodman, Eden, Millender & Bedrosian* (by *Joan Lovell* and *William H. Goodman*), for plaintiff.

*Robert P. Keil,* for Grand Trunk Western Railroad Company.

*S. Olof Karlstrom,* City Attorney, and *Habeeb Ghattas,* Assistant City Attorney, for the City of Flint.

Before: D. E. Holbrook, Jr., P.J., and Allen and P. J. Clulo,* JJ.

D. E. Holbrook, Jr., P.J. Defendants Grand Trunk Western Railroad Company and City of Flint appeal as of right from a judgment entered on a jury verdict of $500,000 against them in favor of plaintiff Booker T. Houston, Jr., personal representative of the estate of Brenda Houston, deceased. We affirm.

Plaintiff's decedent was seriously injured on September 21, 1981, when a freight train collided with her automobile as she was crossing the train tracks on Clifford Street in the City of Flint. She died two days later as the result of her injuries. The accident occurred when plaintiff's decedent, who had been traveling southbound on Clifford Street, was stopped at the two-track grade crossing for an eastbound freight train. The flashing lights and warning bells at the grade crossing were functioning properly at the time. When the eastbound freight train had cleared the crossing, though the flashing lights and warning bells were still operating, decedent followed the car in front of her through the crossing. At this time her automobile was struck by a westbound train on the second set of tracks at the grade crossing. Apparently, the eastbound train had blocked decedent's view of the westbound train. The basis of plaintiff's action was defendant's failure to install crossing gates at the Clifford Street grade crossing.

Defendant Grand Trunk's first claim of error is that the trial court erred in excluding a Michigan Department of Transportation order of November 3, 1981, amending an earlier order requiring Grand Trunk to install crossing gates at the Clif-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ford Street grade crossing. We find that the exclusion of this evidence was not erroneous.

A brief outline of the underlying facts is necessary for an understanding of this issue. Clifford Street runs north and south with one lane of traffic in each direction. Two sets of railroad tracks run east and west and intersect Clifford Street. Pingree Street intersects Clifford Street at a point south of the grade crossing.

On June 12, 1969, the Michigan Public Service Commission entered an order requiring defendant city to install curbing along Pingree Street where it intersected Clifford Street. The order further required defendant Grand Trunk to install crossing gates at the Clifford Street grade crossing. The order was to be complied with within 210 days. Due to numerous factors including a proposed realignment of Pingree Street, construction of Interstate 475 and lack of federal funding, the original order was amended twice, thereby delaying its execution.

On December 9, 1977, the Michigan State Highway Commission, successor regulatory agency to the MPSC, issued an order requiring completion of the street realignment and installation of the crossing gates within 365 days. Despite the order, however, the projects had not been started and on September 24, 1979, defendant Grand Trunk had filed a letter with the MDOT, successor regulatory agency to the highway commission, requesting an extension of time for compliance with the order.

On November 3, 1981, approximately six weeks after the accident herein, the MDOT issued an order amending defendant Grand Trunk's obligation to comply with the December 9, 1977, order until the city completed the street realignment work. The order provided in part:

The file record in this matter evidences an absence of compliance with the Order [of December 9, 1977], primarily due to delay in the street realignments. The two local tracks have been removed, but the crossing signal and gate work are dependent upon the street adjustments. The GTW [Grand Trunk] has requested that the 1977 Order be amended to recognize that relationship.

* * *

Therefore, it is the Director's FINDING that the signal and gate adjustments required by the Order [of December 9, 1977], being substantially predicated upon the realignment of Clifford and Pingree Streets, may be made when the street work is done.

Defendant Grand Trunk sought to admit this order into evidence.

The trial court found that the order, prepared by John P. Woodford, Director of MDOT, effectively made a finding that Grand Trunk's failure to install crossing gates at the grade crossing was the result of the defendant city's delay in the street alignments. The court concluded that if the order were admitted into evidence the jury would place undue emphasis on the opinion of Woodford finding the city liable. Hence, the order was excluded.

A decision whether to admit evidence rests initially within the sound discretion of the trial court and will not be set aside absent an abuse of discretion. *Hadley v Trio Tool Co,* 143 Mich App 319, 328; 372 NW2d 537 (1985); *Ellis v Grand Trunk W R Co,* 109 Mich App 394, 401; 311 NW2d 364 (1981), lv den 413 Mich 942 (1982). It is apparent that the trial court excluded the amended order because it might have misled the jury. MRE 403 provides in pertinent part:

Although relevant, evidence may be excluded if

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In *Slayton v Michigan Host, Inc,* 144 Mich App 535, 548; 376 NW2d 664 (1985), this Court ruled that in a state civil rights action, the admission of evidence of proceedings before the National Labor Relations Board was reversibly prejudicial since "the inference placed before the jury [was] that the NLRB had given to defendant's actions its official imprimatur." We find that the amended order was properly excluded since it was prejudicial in that it inferred that MDOT believed that Grand Trunk's noncompliance with the December 9, 1977, order was due solely to the city's failure to realign the streets at the intersection. Although this might have been the case, it was an issue to be decided by the jury. The fear that the jury might have been confused or misled and might have decided the issue on the basis of the amended order was a legitimate concern justifying its exclusion.

It should be noted that, although the amended order was excluded, defendant Grand Trunk was not prohibited from claiming that its failure to comply with the original order was due to the city's failure to complete the realignment construction. Indeed, two city engineers called by Grand Trunk as adverse witnesses testified that Grand Trunk could not install the crossing gates until the city completed the realignment work.

We find *Ellis v Grand Trunk R Co, supra,* upon which defendant Grand Trunk relies in support of its argument, to be distinguishable. The issue in *Ellis* was whether an order of the Michigan Department of State Highways and Transportation requiring installation of crossing lights and warn-

ing bells at an intersection, entered after a train-automobile collision, was admissible as a subsequent remedial measure, MRE 407. In reversing the trial court, this Court held that the order was admissible. It also found that a report prepared by the department and excluded on a similar basis by the trial court contained relevant evidence concerning the dangerousness of the grade crossing. The report was ordered admitted. In the instant case, the amended order was excluded not on the basis of MRE 407 (subsequent remedial measures) or MRE 401 (relevancy), but on the basis of MRE 403, because the amended order's relevancy was substantially outweighed by its prejudicial effect. Consequently, we affirm the trial court's exclusion of the November 3, 1981, amended order.

Defendant Grand Trunk next contends that the trial court erred in refusing to give a nonstandard jury instruction requested by Grant Trunk which read:

I further charge and instruct you that a person, or a railroad, has a right to assume that others will obey the law unless and until such person or railroad, in the exercise of reasonable care, has reason to expect otherwise.

We disagree.

A properly requested Standard Jury Instruction must be given if it accurately states the law and if it is applicable to the case. However, when a party requests an instruction that is not covered by the Standard Jury Instructions, the trial court may, at its discretion, give additional concise, understandable, conversational and nonargumentative instructions, provided they are applicable and accurately state the law. *Young v E W Bliss Co,* 130 Mich App 363; 343 NW2d 553 (1983); MCR

2.516(D). The determination of whether a requested jury instruction is applicable and accurately states the law is within the discretion of the trial court. *Moody v Pulte Homes, Inc,* 423 Mich 150; 378 NW2d 319 (1985). A supplemental instruction need not be given if the instruction would add nothing to an otherwise balanced and fair jury charge nor enhance the ability of the jurors to decide the case intelligently, fairly and impartially. *Johnson v Corbet,* 423 Mich 304, 327; 377 NW2d 713 (1985).

Since the main issue at trial was the failure to install crossing gates, the instruction was not applicable. In any event, the trial court properly charged the jury that if it found decedent had failed to comply with the grade crossing statute it could infer negligence on her part. Hence, the instruction added nothing to an already fair charge. Accordingly, the trial court did not abuse its discretion in refusing the requested instruction.

Finally, defendant Grand Trunk and defendant city both contend that the trial court erred in refusing to reinstruct the jury on the definition of "proximately contributed," SJI2d 15.02, when it was reinstructed on the definition of "proximate cause," SJI2d 15.01. We disagree. The applicable standard of review of instructional errors is MCR 2.613(A), which provides:

> (A) Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice. [See *Johnson, supra,* pp 326-327.]

We find that the trial court's refusal to reinstruct the jury on the definition of "proximately contributed" was not inconsistent with substantial justice since the instruction had previously been read to the jury in conjunction with the definition of "proximate cause," and since the jury requested reinstruction only on the definition of proximate cause. Even if error did occur, it was harmless since five out of six jurors concluded that decedent was not negligent.

In summary, we conclude that the trial court's actions in excluding the November 30, 1981, amendatory order of the MDOT, in refusing defendant Grand Trunk's requested nonstandard jury instruction and in refusing to reinstruct the jury on the definition of proximately contributed were not erroneous.

Affirmed.