WENGEL v HERFERT

Docket No. 111309. Submitted October 10, 1990, at Detroit. Decided
    May 20, 1991, at 10:20 A.M. Leave to appeal sought.
William Wengel brought a malpractice action in the Macomb
    Circuit Court against R.C. Herfert, D.C., and Herfert Chiroprac-
    tic Clinics, alleging aggravation of a preexisting asymptomatic
    back condition through failure to properly diagnose and treat
    it, and detrimental reliance on false representations that chiro-
    practic treatment would cure his diabetes. The court, Kenneth
    N. Sanborn, J., entered judgment following a jury verdict for
    the plaintiff, and denied the defendants' motion for judgment
    notwithstanding the verdict or a new trial. The defendants
    appealed.
    The Court of Appeals held:
    1. The trial court improperly allowed the plaintiff's expert to
criticize the defendants' care and treatment of the plaintiff for
failing to do what the chiropractic act, MCL 333.16401 et seq.;
MSA 14.15(16401), et seq. prohibits chiropractors from doing.
    2. The court also abused its discretion in refusing to instruct
the jury with regard to the limitations the chiropractic act
places on the practice of chiropractic. On remand, the jury
should be instructed regarding the scope of chiropractic as
delimited by the act.
    3. The trial court did not abuse its discretion in admitting
certain brochures, disseminated by the defendants but never
seen or relied upon by the plaintiff. Use of the evidence was
limited to impeachment of the defendant and was relevant to
the allegations of misrepresentation. Its probative value sub-
stantially outweighed any prejudicial effect.
    4. References by plaintiff's counsel during trial to the defen-
dants' practice as "sorcery" and "voodoo chiropractic," al-
though insufficient by themselves to warrant a new trial, were

REFERENCES
Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 5, 213, 226,
    342, 363.
Scope of practice of chiropractic. 16 ALR4th 58.
Medical malpractice in connection with diagnosis, care, or treat-
    ment of diabetic. 42 ALR3d 482.

inappropriate. Counsel should exercise restraint in so describing the defendants' practice on remand.

Reversed and remanded for a new trial.

HEALTH — PUBLIC HEALTH CODE — CHIROPRACTORS — SCOPE OF CHIROPRACTIC PRACTICE.

The chiropractic act defines the practice of chiropractic and limits its scope; while the act does not set forth a standard of care expected of chiropractors, a trial court in an action for chiropractic malpractice nevertheless abuses its discretion where it refuses a defense request that the jury be instructed regarding the scope of chiropractic practice as delimited by the act (MCL 333.16401 *et seq.*; MSA 14.15[16401] *et sèq.*).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Lee R. Franklin*), for the plaintiff.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin*), for the defendants.

Before: SHEPHERD, P.J., and GRIBBS and JANSEN, JJ.

SHEPHERD, P.J. In this chiropractic malpractice action, defendants R.C. Herfert, D.C., and Herfert Chiropractic Clinics (hereinafter referred to in the singular) appeal as of right a judgment entered in favor of plaintiff and the denial of their motion for judgment notwithstanding the verdict or a new trial. We reverse and remand for a new trial.

Plaintiff, who was suffering from diabetes, claimed that he sought treatment from defendant after reading one of defendant's "Life Line" publications and speaking to one of defendant's employees, both of which led him to believe chiropractic manipulation could help his diabetes. Plaintiff was treated by defendant three times a week for approximately 1½ months in early 1984 after defendant diagnosed plaintiff as having three areas in

his spine that needed correcting. Plaintiff claimed that while he suffered no back pain before being manipulated by defendant, he began experiencing severe low back pain as a result of that treatment. After becoming dissatisfied with defendant, plaintiff eventually sought treatment elsewhere. In his suit, plaintiff asserted in pertinent part that defendant's failure to properly diagnose and treat him aggravated a preexisting but asymptomatic condition in his back called spondylolisthesis. Plaintiff further alleged that defendant lured him into receiving chiropractic treatment by falsely representing that such treatment would cure his diabetes and that he relied upon defendant's misrepresentations to his detriment. A jury awarded plaintiff $250,000 in damages.

Defendant first claims that a new trial is necessary because the trial court allowed plaintiff's expert to criticize defendant for failing to do certain things defendant was not permitted to do by law and because of the trial court's failure to instruct the jury regarding provisions of the chiropractic act, MCL 333.16401 *et seq.*; MSA 14.15(16401) *et seq.* We agree.

The chiropractic act not only defines the practice of chiropractic but also limits the scope of such practice. It provides in pertinent part as follows:

> (1) As used in this part:
>
> *     *     *
>
> (b) "Practice of chiropractic" means that discipline within the healing arts which deals with the nervous system and its relationship to the spinal column and its interrelationship with other body systems. Practice of chiropractic includes:
> (i) Diagnosis, including spinal analysis, to determine the existence of spinal subluxations or misa-

lignments that produce nerve interference, indicating the necessity for chiropractic care.

(ii) The adjustment of spinal subluxations or misalignments and related bones and tissues for the establishment of neural integrity utilizing the inherent recuperative powers of the body for restoration and maintenance of health.

(iii) The use of analytical instruments, nutritional advice, rehabilitative exercise and adjustment apparatus regulated by rules promulgated by the board pursuant to section 16423, and the use of x-ray machines in the examination of patients for the purpose of locating spinal subluxations or misaligned vertebrae of the human spine. The practice of chiropractic does not include the performance of incisive surgical procedures, the performance of an invasive procedure requiring instrumentation, or the dispensing or prescribing of drugs or medicine. [MCL 333.16401; MSA 14.15 (16401).]

In the instant matter, plaintiff's expert voiced a number of criticisms of defendant's care and treatment of plaintiff. Included among these were defendant's failure to conduct a thorough physical examination of plaintiff to ascertain his overall health and to ensure there were no conditions that would contraindicate manipulation, as well as to rule out other causes of the purported back pain, and defendant's failure to use the x-rays taken to rule out conditions that might contraindicate manipulative therapy.

While the chiropractic act does not and should not be interpreted as setting forth a standard of care, it does set the parameters of the practice of chiropractic. Nowhere in the act is there language suggesting that chiropractors are licensed to conduct general physical examinations or laboratory tests or to diagnose, by x-ray or otherwise, anything other than spinal subluxations or misalign-

ments. Both this Court and the Michigan Supreme Court have specifically so ruled. See *Attorney General v Beno,* 124 Mich App 342; 335 NW2d 31 (1983), modified 422 Mich 293; 373 NW2d 544 (1985). The fact that the Court of Appeals decision in *Beno* may not have been binding precedent at the time defendant treated plaintiff, *People v Phillips,* 416 Mich 63, 74-75; 330 NW2d 366 (1982), did not render the chiropractic act ineffective. A statute does not lie dormant until judicially interpreted. Defendant was bound by the statute at the time plaintiff was treated and cannot be held accountable for failing to do that which the act prohibited.

We further find that the trial court abused its discretion in declining to read the statute to the jury as part of the jury charge. When a party requests an instruction that is not covered by the standard jury instructions, the trial court may, at its discretion, give additional, concise, understandable, conversational, and nonargumentative instructions, provided they are applicable and accurately state the law. MCR 2.516(D)(4); *Houston v Grand Trunk W R Co,* 159 Mich App 602, 608-609; 407 NW2d 52 (1987). The giving of supplemental instructions is to be determined by the trial court "not in the abstract or theoretical sense, but in the context of the 'personality' of the particular case on trial, and with due regard for the adversaries' theories of the case and of counsel's legitimate desire to structure jury argument around anticipated jury instruction." *Jones v Poretta,* 428 Mich 132, 146; 405 NW2d 863 (1987), quoting *Johnson v Corbet,* 423 Mich 304, 327; 377 NW2d 713 (1985).

Here, while defendant was permitted to utilize the chiropractic act's provisions in cross-examining plaintiff's expert, the act was not admitted into evidence. More importantly, the jury was never

formally advised that the scope of defendant's practice was limited by law. Consequently, it was free to find defendant negligent for failing to do that which was not permitted by law. For this reason, the instruction setting forth the professional standard of care, while properly given, was not sufficient by itself to inform the jury of the law which limits the practice of chiropractic. Although a general verdict form was used in this case and we cannot determine the basis for the jury's verdict, we find the result might well have been different without the instructional error and, therefore, reverse. *Body Rustproofing, Inc v Michigan Bell Telephone Co,* 149 Mich App 385, 392; 385 NW2d 797 (1986). On remand, the jury should be instructed regarding the scope of chiropractic as delimited by statute.

We next address the contention that defendant was denied a fair trial by the introduction of allegedly irrelevant evidence, brochures disseminated by defendant but never seen or relied upon by plaintiff, and allegedly improper remarks by plaintiff's counsel. Defendant maintains that counsel's remarks and use of the brochures amounted to an attack on chiropractic practice and philosophy in general and an improper, prejudicial diversion of the jury's attention from the true issues in the case.

We find that the publications in question, limited as they were by the trial court to impeachment of defendant, were properly admitted into evidence at trial. Under MRE 401, evidence is relevant if it has any tendency to make the existence of a fact in issue more probable or less probable than it would be without the evidence. Even if relevant, however, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confu-

sion of the issues, misleading the jury, and so on. MRE 403. The decision whether to admit evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988).

One of the issues in this case was whether, at the time plaintiff was treated, defendant was practicing outside the scope of chiropractic in part by making claims that the treatments could help or cure diabetes as well as other ailments and, thus, whether, through publications or statements of defendant's employees, defendant misrepresented to plaintiff that chiropractic treatment could help plaintiff's diabetes. The problem that arises is that the broad, seemingly vague language of the chiropractic act, particularly subsection 1(b)(ii), creates a question with respect to whether defendant's philosophy and method of chiropractic indeed falls within the philosophy and methods generally accepted by the profession and encompassed by the statute.

The only manner by which plaintiff could prove that defendant's representations concerning the ability to help or cure diseases such as diabetes were, in fact, misrepresentations, as plaintiff claimed, was to present expert testimony on the issue, including testimony from the defendant himself. It was then for the jury to decide on the basis of the expert testimony, whether defendant's representations, methods, and philosophies comported with those of the profession and the law. This is particularly so where, as here, there appears to have been more than one school of thought, generally accepted or otherwise.

We are therefore constrained to find that the brochures published by defendant were relevant and, given the manner in which their use was

limited, were more probative than prejudicial. The "attack" was not on the chiropractic profession in general, but rather on defendant's practice as it related to the claims purportedly made to plaintiff.

For example, if defendant or defendant's employees represented that spinal manipulation could contribute to the cure of diabetes and if such a claim is within a generally accepted view of the science of chiropractic, the representations would not be false and plaintiff's claim of false representation would fail. On the other hand, if the science of chiropractic does not make such a claim, any representation to that effect would be false.

Our problem is that the Legislature in adopting the language, "utilizing the inherent recuperative powers of the body for *restoration and maintenance of health*" (emphasis added), has not stated with clarity whether the practice of chiropractic includes the use of spinal manipulation to ameliorate conditions other than those directly related to the spine. Given this lack of clarity, the issue must be resolved by experts, and if the experts do not agree, the matter must be put to the jury. For this reason, we cannot say that the trial court abused its discretion on this issue or that defendant was denied a fair trial by the introduction of brochures not specifically relied upon by plaintiff for the purpose of showing that defendant's practice was or was not within the scope of chiropractic science. If the Legislature chooses to further clarify the scope of the practice of chiropractic, it is free to do so.

Though we reverse this matter on other grounds, we find it nevertheless appropriate to comment on certain remarks made by plaintiff's counsel at various points during trial. Specifically, we note counsel's repeated references to defendant's practice as "sorcery" and "voodoo chiroprac-

tic," "so-called adjustments," and so on. We find such characterizations inappropriate, though we cannot say that they, standing alone or even in conjunction with questionable comments during voir dire, are sufficient to warrant a new trial. We do, however, caution plaintiff's counsel to exercise restraint on remand in describing defendant's practice.

Given our disposition of the foregoing issues, we need not address defendant's remaining contentions. However, we do note that given the complexity of the issues in this case, it may be appropriate on remand to utilize a special verdict form, though we cannot say the trial court in this matter abused its discretion in declining to do so.

Reversed and remanded for a new trial.