## DZIERBOWICZ v AMERICAN SEATING COMPANY

Docket No. 160829. Submitted December 15, 1994, at Grand Rapids.
    Decided March 6, 1995, at 9:10 A.M. Leave to appeal sought.

Barbara P. Dzierbowicz brought an action in the Kent Circuit
    Court against American Seating Company, alleging that she
    was discharged from her employment by the defendant because
    of her medical condition and the resulting expenses and incon-
    veniences that condition entailed in violation of the Handicap-
    pers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et
    seq.* The defendant responded that the plaintiff was discharged
    because of a general cutback in its labor force and because of
    technological changes that left no openings for which the
    plaintiff was qualified. The court, Robert A. Benson, J. premis-
    ing its ruling on the assumption that the plaintiff's allegations
    were sufficient to meet her burden of establishing a prima facie
    case of discriminatory discharge, granted summary disposition
    for the defendant on the basis that the defendant's pleadings
    established that the discharge was for a proper business pur-
    pose and that the plaintiff had failed to establish that the
    business purpose given by the defendant was a mere pretext.
    The plaintiff appealed.

The Court of Appeals *held:*

Once an employee has pleaded a prima facie case of employer
    handicapper discrimination in an action for wrongful discharge,
    the employer has the burden of establishing that the discharge
    of the employee was undertaken for a valid business purpose
    rather than as a result of handicapper discrimination. If the
    employer's pleadings sufficiently establish a valid business pur-
    pose for the discharge, the employee has the burden of showing
    that the business purpose was a mere pretext for discrimina-
    tion. Here the defendant's pleadings clearly established a valid
    business purpose for the plaintiff's discharge that was not
    related to her handicap: cutbacks in staff levels and technologi-
    cal changes that left the plaintiff unqualified for any available

REFERENCES

Am Jur 2d, Wrongful Discharge § 237.
Modern status of rule that employer may discharge at-will em-
    ployee for any reason. 12 ALR4th 544.

job. The plaintiff's allegation that the defendant was aware that her medical condition would result in future medical expenses and medically related absences from work was insufficient to establish that the reason given by the defendant was a mere pretext for discrimination.

Affirmed.

C.O. Grathwohl, J., dissenting, stated that the pleadings raise a question of fact whether the plaintiff's discharge was motivated by her handicap and the resulting expenses and inconveniences that would occur as a result of her medical treatment and that such a question of fact was one that should be decided by a trier of fact, not one that should be disposed of summarily.

Civil Rights — Handicappers — Discharge from Employment — Pleadings — Burdens of Proof.

A discharged employee in an action alleging wrongful discharge as a result of handicapper discrimination has the burden of establishing that the discharge was the result of handicapper discrimination; once the employee has pleaded a prima facie case of handicapper discrimination, the employer has the burden of establishing that the employee was discharged for a valid business purpose that is not related to handicapper discrimination; if the employer sufficiently establishes a valid business purpose for the discharge, the employee then has the burden of establishing that the claimed business purpose was a mere pretext for handicapper discrimination (MCL 37.1202[1] [b]; MSA 3.550[202][1][b]).

*Meana, Spruit & Bedevia, P.C.* (by *Noreen K. Myers*), for the plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *James S. Brady* and *Charles C. Hawk*), for the defendant.

Before: MacKenzie, P.J., and J. W. Fitzgerald* and C. O. Grathwohl,** JJ.

MacKenzie, P.J. Plaintiff, who was temporarily laid off by and then terminated from employment

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

with defendant, brought this suit alleging that her discharge was in violation of the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* She appeals as of right from the circuit court's grant of summary disposition for defendant pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff has rheumatoid arthritis that resulted in her having had several surgeries and having taken medical leaves. Her theory was that defendant fired her to avoid additional insurance and medical costs. Defendant responded that plaintiff was laid off and then terminated because of a cutback in its labor force.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. When deciding a motion for summary disposition, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993).

In order to establish a prima facie case of handicap discrimination, a plaintiff must establish: (1) the plaintiff is "handicapped" as defined in the act; (2) the handicap is unrelated to the plaintiff's ability to perform the duties of a particular job; (3) the plaintiff has been discriminated against in one of the ways set forth in § 202 of the HCRA, MCL 37.1202; MSA 3.550(202). *Doman v Grosse Pointe Farms,* 170 Mich App 536, 541; 428 NW2d 708 (1988). In this case, the relevant section is § 202(1)(b), which prohibits the discharge of an employee because of a handicap.

Once a plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to show legitimate, nondiscriminatory reasons for its action. *Crittenden v Chrysler Corp,* 178 Mich App 324, 331; 443 NW2d 412 (1989). If the employer

rebuts the plaintiff's prima facie case, the burden shifts back to the plaintiff, who then has to show that the employer's reasons constituted a pretext for discrimination. *Id.* See also *Clark v Uniroyal Corp,* 119 Mich App 820, 826; 327 NW2d 372 (1982); *McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

In this case, plaintiff alleged that she was handicapped because of her rheumatoid arthritis and surgical joint replacements, that her handicap was unrelated to her ability to perform her job duties, and that she was discharged because defendant knew she would need further surgeries. The trial court assumed, for purposes of the motion for summary disposition under MCR 2.116(C)(10), that these allegations were sufficient for plaintiff to meet her burden of establishing a prima facie case of handicap discrimination.

The burden of going forward then shifted to defendant to show legitimate, nondiscriminatory reasons for plaintiff's layoff and subsequent termination. *Clark, supra* at 826. Defendant rebutted plaintiff's allegations by statistical evidence that it had reduced its workforce from 2,000 employees in 1978 to 750 at the time of the motion for summary disposition. Between 1981 and 1991, the year in which plaintiff was terminated, factory clerk positions (plaintiff's job) were reduced from sixteen to three. The affidavit of defendant's director of human resources further stated that plaintiff's position was one of those consolidated or absorbed by other positions because of computerization and technological changes and that plaintiff was not qualified for any positions for which defendant had openings. This evidence was sufficient to meet defendant's burden of producing evidence that a valid purpose existed regarding why plaintiff was terminated.

The burden then shifted back to plaintiff to show that defendant's business reasons for her termination were merely a pretext. Plaintiff's allegations that because the company knew she may have required additional surgeries in the future and more time off for medical leave were insufficient to rebut the evidence presented by defendant. Both plaintiff's immediate supervisor and the director of human resources stated that neither plaintiff's medical condition nor her insurance costs played a part in the decision to terminate her. We agree with the trial court's ultimate decision that plaintiff failed to present material facts indicating that the business reasons offered by defendant for her termination were merely a pretext. Additionally, we agree with the trial court that summary disposition was appropriate regarding plaintiff's other allegations of discrimination pertaining to her position and other openings within the company. Because mere speculation and inferences will not sustain an argument of intentional discrimination, *Clark, supra* at 826, plaintiff has not presented any material issue of fact to show that the business reasons proffered by defendant were merely a pretext.

After our de novo review of the issues raised by plaintiff on appeal, we find summary disposition was properly granted. *Wieringa v Blue Care Network,* 207 Mich App 143, 145; 523 NW2d 872 (1994).

Affirmed.

J. W. FITZGERALD, J., concurred.

C. O. GRATHWOHL, J. *(dissenting).* I dissent. It is disingenuous to believe an employer will admit that a handicapped employee was discharged in violation of the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The

majority accepts the self-serving affidavits that plaintiff's future surgical expenses for rheumatoid arthritis and joint replacements played no part in the decision to terminate her.

Defendant set forth the reason for its termination of plaintiff in a December 17, 1991, document filed with the Michigan Employment Security Commission:

> Resulting from divisional operations consolidation and subsequent work force reduction, this claimant's functional responsibilities were eliminated along with other employee positions within this organization's operations.

Plaintiff alleged that she would show that defendant had recalled 130 employees in 1991 and, further, that it had been necessary for defendant to hire a Kelly temporary employee to replace her during her sick leave. A review of plaintiff's work performance evaluations shows her to be a competent, dependable employee.

In *Crittendon v Chrysler Corp*, 178 Mich App 324; 443 NW2d 412 (1989), this Court held that summary disposition is inappropriate if the plaintiff might develop a record with respect to an issue on which reasonable minds could differ. Reasonable minds could differ regarding defendant's motive in discharging the plaintiff, depending on the weight the jury gives to the testimony that plaintiff told her supervisors that she required additional surgeries and they had reports to the effect from her surgeon. In addition, the plaintiff testified that she was ostracized from the "team" after her last return from medical leave.

The trier of fact should determine if defendant had a legitimate business reason to discharge plaintiff or if the business reasons were merely a pretext. I would reverse and remand for trial.