CHMIELEWSKI v XERMAC, INC

Docket No. 162968. Submitted October 17, 1995, at Lansing. Decided May 21, 1996, at 9:05 A.M. Leave to appeal sought.

Gary P. Chmielewski brought an action in the Oakland Circuit Court against Xermac, Inc., alleging violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and breach of an employment contract. The plaintiff's employment was terminated by the defendant after he had undergone a liver transplant for cirrhosis of the liver caused by alcoholism and had returned to work. The court, Francis X. O'Brien, J., dismissed the wrongful discharge claim. The jury returned a verdict for the defendant with regard to the discrimination claim, and the trial court entered a judgment consistent with the jury verdict. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in admitting evidence of the plaintiff's alcoholism. Because evidence of alcohol use is a consideration in determining whether the plaintiff fell within the statutory definition of handicapped, evidence of the plaintiff's alcohol use was relevant and more probative than prejudicial. The evidence was also relevant and more probative than prejudicial with regard to the issue of damages.

2. The trial court did not abuse its discretion in admitting evidence of the defendant's financial condition. Evidence that the decision to terminate the plaintiff's employment was motivated by economic considerations directly controverted the element of a prima facie case of handicap discrimination that the employer must have discharged the plaintiff because of a handicap. Therefore, the claim that the plaintiff's employment was terminated for economic reasons did not constitute an affirmative defense that was waived when it was not raised in a responsive pleading or in a motion for summary disposition made before the filing of a responsive pleading.

3. The trial court properly instructed the jury. An instruction requested by the plaintiff did not accurately state the law and was properly refused. The act provides that, to fall within the definition of a handicap, an individual's condition, whether being treated or

not, must substantially impair the person's major life activities. The instruction requested by the plaintiff, which leaps to the conclusion that if a condition requires medication it constitutes a substantial impairment per se, is unreasonable and incompatible with the purpose of the act.

Affirmed.

FITZGERALD, J., dissenting in part, stated that the trial court should have granted the plaintiff's request that the jury be instructed that a condition that limits a life activity is a handicap even if the condition is controlled with medication or medical care. The instruction sought by the plaintiff did not leap to the conclusion that a condition that requires medication constitutes a substantial impairment per se. Rather, the instruction provided that an individual who suffers a determinable physical characteristic that is brought under control by medication may still suffer a substantial limitation of major life activity to the extent that the condition, even though controlled, affects the individual's employability. The proposed instruction was applicable and accurate under the facts of this case and may have enhanced the ability of the jurors to decide the case intelligently, fairly, and impartially. The trial court abused its discretion in refusing the requested instruction. The failure to give the instruction resulted in substantial injustice. The case should be reversed and remanded for a new trial.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION — ALCOHOLISM.

The Michigan Handicappers' Civil Rights Act expressly excludes alcoholism, and determinable physical or mental characteristics caused by the use of alcohol, as a handicap with respect to employment discrimination when the condition prevents the employee from performing the duties of the job (MCL 37.1103[f][ii]; MSA 3.550[103][f][ii]).

2. PLEADING — AFFIRMATIVE DEFENSES.

An affirmative defense is a defense that does not controvert the establishment of a prima facie case but that otherwise denies relief to the plaintiff.

3. CIVIL RIGHTS — HANDICAP DISCRIMINATION — EMPLOYMENT DISCRIMINATION — PRIMA FACIE CASE.

The plaintiff in a handicap discrimination case who alleges wrongful discharge from employment has the burden of proving as an element of the prima facie case that the employer discharged the plaintiff because of a handicap; evidence that the decision to terminate the plaintiff's employment was motivated by economic consid-

erations directly controverts this element and therefore does not
constitute an affirmative defense.

4. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — WORDS AND PHRASES —
   "HANDICAP."
    To fall within the definition of a handicap in the Michigan Handicap-
    pers' Civil Rights Act, an individual's condition, whether being
    treated or not, must substantially impair the person's major life
    activities; the concept of an impairment implies a characteristic
    that is not commonplace and that poses for the particular individ-
    ual a more general disadvantage in the search for satisfactory
    employment (MCL 37.1103[e][i][A]; MSA 3.550[103][e][i][A]).

*Muth & Fett, P.C.* (by *James K. Fett*), for the
plaintiff.

*Kerr, Russell & Weber* (by *Daniel G. Beyer*), for the
defendant.

Before: MACKENZIE, P.J., and FITZGERALD and J. P.
O'BRIEN,* JJ.

MACKENZIE, P.J. Plaintiff appeals as of right a jury
verdict for defendant in this handicap discrimination
case. We affirm.

Plaintiff worked as a salesperson for defendant
from November 1985 until June 29, 1990. He under-
went a liver transplant in June 1989 for cirrhosis of
the liver caused by alcoholism and was off work for
approximately six weeks before being released to
return to work by his physician. His employment was
terminated approximately seven months later, alleg-
edly because of his failure to meet sales quotas.

In October 1990, plaintiff instituted this action
against defendant for violation of the Michigan Handi-
cappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*;

_____
* Recorder's Court judge, sitting on the Court of Appeals by
assignment.

MSA 3.550(101) *et seq.*, claiming that defendant terminated him because of the high health insurance costs attributable to his condition. A claim of breach of an employment contract was subsequently added to the complaint. Defendant moved for summary disposition of both counts. The trial court denied defendant's motion in part and granted it in part, dismissing plaintiff's wrongful discharge claim but finding a material issue of fact remained regarding the discrimination claim. At trial, plaintiff argued that the carrying of a transplanted liver and the side effects thereof, without the use of medication, constituted a handicap. Defendant argued that plaintiff was not handicapped because (1) with medication, he does not have a determinable physical characteristic that substantially limits a major life activity, and (2) he is an alcoholic. A jury returned a verdict for defendant with regard to the discrimination claim.

Plaintiff first claims that the trial court erred in admitting at trial evidence of his alcoholism. We disagree.

Evidence that tends to make the existence of a fact at issue more probable or less probable is relevant and, therefore, admissible. MRE 401, 402. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *McDonald v Stroh Brewery Co*, 191 Mich App 601, 605; 478 NW2d 669 (1991). The fact that evidence is damaging and harms the opposing party does not indicate that it is unfairly prejudicial. *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735; 344 NW2d 347 (1983). Further, error requiring reversal may not be predicated upon a ruling that admits evidence unless a substantial right

was affected. MRE 103(a); *Temple v Kelel Distributing Co, Inc*, 183 Mich App 326, 329; 454 NW2d 610 (1990).

The HCRA expressly excludes alcoholism, and determinable physical or mental characteristics caused by the use of alcohol, as a handicap with respect to employment discrimination when the condition prevents the employee from performing his job duties. MCL 37.1103(f)(ii); MSA 3.550(103)(f)(ii); *Gazette v Pontiac*, 212 Mich App 162, 168-169; 536 NW2d 854 (1995). Plaintiff contends that this restriction is not applicable to the present case because defendant conceded that alcoholism did not affect his job performance. However, defense counsel argued during closing arguments that plaintiff's poor work performance when he returned from his leave of absence resulted from plaintiff's failure to fully recover from the injuries caused by his alcoholism. In its instructions, the trial court cautioned the jury regarding the manner in which the evidence of plaintiff's alcoholism should be used in determining whether plaintiff could be considered handicapped:

> Now, ladies and gentlemen, if the history of the physical characteristic was caused by the use of alcoholic liquor but the physical characteristic did not prevent the Plaintiff from performing his job, then you are to disregard the fact that use of alcohol caused the physical characteristic.
>
> On the other hand, if you find that the Plaintiff has a determinable physical characteristic caused by the use of alcoholic liquor and that characteristic prevented the Plaintiff from performing the duties of his job, then the Plaintiff is not handicapped under the law.
>
> A person, ladies and gentlemen, cannot have a history of [a] determinable physical characteristic to be construed as a handicap if the physical characteristic was caused by the

use of an alcoholic liquor which prevented the person from
performing the duties of his job.

Because evidence of alcohol use is a consideration in determining whether the plaintiff fell within the definition of handicapped, evidence of plaintiff's alcohol use was relevant and more probative than prejudicial. Thus, the court did not abuse its discretion in admitting the evidence of plaintiff's alcohol use.

Further, the evidence was relevant and was more probative than prejudicial with regard to the issue of damages. According to the testimony of plaintiff's physician, serious risks exist for patients who continue to consume alcohol after a liver transplant. Consequently, plaintiff's alcohol use could affect his life expectancy and, therefore, defendant's liability for damages.

Plaintiff next contends that the trial court erred in admitting evidence of defendant's financial condition because defendant did not raise economic necessity as a defense. Under MCR 2.111(F)(3), affirmative defenses must be raised in the responsive pleading or in a motion for summary disposition made before the filing of a responsive pleading, and the failure to do so constitutes a waiver of the defense. *Stanke v State Farm Mutual Automobile Ins Co*, 200 Mich App 307, 311; 503 NW2d 758 (1993). An affirmative defense is a defense that does not controvert the establishment of a prima facie case, but that otherwise denies relief to the plaintiff. *Id.* at 312.

In a handicap discrimination case, the plaintiff has the burden of proving as an element of the prima facie case that the employer discharged the plaintiff because of the handicap. *Dzierbowicz v American Seating Co*, 209 Mich App 130, 132; 530 NW2d 158

(1995), rev'd on other grounds 450 Mich 966 (1996). Evidence that the decision to terminate the plaintiff was motivated by economic considerations directly controverted this element of the prima facie case and, therefore, by definition did not constitute an affirmative defense. *Stanke, supra.* Accordingly, the trial court did not abuse its discretion in admitting evidence of defendant's financial condition.

Last, plaintiff contends that reversal is required because of instructional error. Again, we disagree.

Subsection 103(e)(i)(A) of the HCRA, MCL 37.1103(e)(i)(A); MSA 3.550(103)(e)(i)(A), defines a handicap as

> (i) A determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic:
> (A) . . . *substantially* limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position. [Emphasis added.]

· On the basis of this language, plaintiff contends that he was entitled to a supplemental jury instruction defining a handicapped person as one who

> has a determinable physical characteristic which substantially limits one or more life activities . . . *even if the determinable characteristic is controlled with medication or medical care.* [Emphasis added.]

When a party requests an instruction that is not covered by the standard jury instructions, the trial court may, in its discretion, give additional, concise, understandable, conversational, and nonargumentative instructions, provided they are applicable and

accurately state the law. MCR 2.516(D)(4); *Wengel v Herfert*, 189 Mich App 427, 431; 473 NW2d 741 (1991). The requested instruction does not accurately state the law, and thus was properly refused.

The alleged handicap at issue in this case is characterized by plaintiff as carrying a transplanted organ. However, it is undisputed that plaintiff's status as an organ donee in no way affected his major life activities or his ability to perform his job duties, as long as plaintiff took antirejection medication. Viewed in this context, plaintiff's condition is akin to that of a person whose high blood pressure or allergies are controlled by medication, or who receives hormone replacement therapy, or whose poor eyesight requires corrective lenses. In each instance, the chronic "handicapping" condition is ameliorated by medical means with relative ease.

Under the plain language of subsection 103(e)(i)(A) of the HCRA, to fall within the definition of a handicap, an individual's condition–whether being treated or not–must *substantially* impair the person's major life activities.[1] The instruction requested by plaintiff does not state that proposition. Instead, it leaps to the conclusion that if a condition requires medication, then it

---

[1] Accord *Joyce v Suffolk Co*, 911 F Supp 92 (ED NY, 1966) (employee not handicapped; poor eyesight corrected by eyeglasses and high blood pressure controlled with medication are not physical impairments that substantially limit major life activities); *Walker v Aberdeen-Monroe Co Hosp*, 838 F Supp 285 (ND Miss, 1993) (employee not handicapped; sarcoidosis and poor vision controlled with medication do not substantially limit employee's major life activities); *Cadelli v Fort Smith School Dist*, 852 F Supp 789 (WD Ark, 1993) (employees not handicapped; anxiety panic disorder and high blood pressure treated with medication do not substantially limit employee's ability to work); *Davis v Frank*, 1992 US Dist LEXIS 10402; 59 Empl Prac Dec (CCH) p 41,744 (employee not handicapped; high blood pressure and "nervousness" controlled with medication pose no restriction on worker's life activities).

constitutes a substantial impairment per se. We find that conclusion to be unreasonable and incompatible with the purpose of the HCRA. As stated in *Forrisi v Bowen*, 794 F2d 931, 934 (CA 4, 1986):

> It would debase this high purpose [of protecting the disabled from discrimination in employment] if the statutory protections available to those truly handicapped could be claimed by anyone whose disability was minor and whose relative severity of impairment was widely shared. Indeed, the very concept of an impairment implies a characteristic that is not commonplace and that poses for the particular individual a more general disadvantage in his or her search for satisfactory employment.

In the final analysis, plaintiff's claimed handicap is that he must take medication to control a chronic condition. This "handicap" is shared by countless other individuals in the workplace and in society as a whole. To automatically label the condition as one that substantially impairs major life activities, as the requested instruction would do, is inconsistent with the HCRA and, as pointed out by the *Forrisi* court, does a gross disservice to the truly handicapped. Accordingly, we hold that the instruction was inconsistent with the HCRA and that it was properly withheld from the jury.

Affirmed.

J. P. O'BRIEN, J., concurred.

FITZGERALD, J. (*concurring in part and dissenting in part*). I respectfully dissent from the majority's conclusion that the trial court did not err in denying plaintiff's request that the jury be instructed that a condition that limits a life activity is a handicap even

if the condition is controlled with medication or medical care.

The determination whether an instruction is accurate and applicable based on the characteristics of a case is within the sound discretion of the trial court. *Williams v Coleman,* 194 Mich App 606, 623; 488 NW2d 464 (1992). When a party requests an instruction that is not covered by the standard jury instructions, the trial court may, at its discretion, give additional, concise, understandable, conversational, and nonargumentative instructions, provided they are applicable and accurately state the law. MCR 2.516(D)(4); *Wengel v Herfert,* 189 Mich App 427, 431; 473 NW2d 741 (1991). A supplemental instruction need not be given if the instruction would neither add anything to an otherwise balanced and fair jury charge nor enhance the ability of the jurors to decide the case intelligently, fairly, and impartially. *Houston v Grand Trunk W R Co,* 159 Mich App 602, 608; 407 NW2d 52 (1987). The failure to give a properly requested, applicable, and accurate instruction does not require reversal unless failure to vacate the jury verdict would be inconsistent with substantial justice. *Johnson v Corbet,* 23 Mich 304, 326; 377 NW2d 713 (1985).

Before its amendment in 1990, the Michigan Handicappers' Civil Rights Act (HCRA) defines the term handicap as

a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

(i) . . . is unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the

individual's qualifications for employment or promotion.
[MCL 37.1103(b)(i); MSA 3.550(103)(b)(i).]

The Legislature amended the definitional language
in 1990[1] to define a handicap as

> (i) A determinable physical or mental characteristic of an
> individual, which may result from disease, injury, congenital
> condition of birth, or functional disorder, if the
> characteristic:
> (A) . . . substantially limits 1 or more of the major life activ-
> ities of that individual and is unrelated to the individual's
> ability to perform the duties of a particular job or position.
> [MCL 37.1103(e)(i)(A); MSA 3.550(103)(e)(i)(A).]

Under both of these definitions, a condition related
to an individual's ability to perform the duties of a job
is not a handicap within the meaning of the HCRA.
*Koester v Novi*, 213 Mich App 653, 661-662; 540 NW2d
765 (1995). Here, plaintiff's physician testified that as
long as plaintiff continued to take antirejection medi-
cation, plaintiff did not suffer any limitations on his
major life activities or his ability to perform his job
duties.

Given this testimony, plaintiff, relying on *Hines v
Grand Trunk W R Co*, 151 Mich App 585, 595-596; 391
NW2d 750 (1985), requested a supplemental jury
instruction as follows:

> A person that has a determinable physical characteristic
> which substantially limits one or more life activities is
> handicapped even if the determinable physical condition—
> physical characteristic is controlled with medication or
> medical care.

---

[1] 1990 PA 121.

The trial court refused to give the instruction on the ground that *Hines* was decided under the preamendment definition of "handicap," which required only that the condition be unrelated to the plaintiff's ability to perform the duties of a particular job.

The added definitional language is nearly identical to the language in the federal Rehabilitation Act of 1973, 29 USC 706(8)(B), which defines a handicapped individual as any person who (1) has a physical or mental impairment that substantially limits one or more of such person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. Because the new definitional language has yet to be interpreted in this state, federal case law interpreting the similar language of the federal act provides guidance in interpreting the HCRA.

The federal courts have recognized that an individual who suffers a life-threatening condition brought under control by medication may still suffer a limitation of major life activity to the extent that the condition, even though controlled, affects the individual's employability. See, e.g., *Reynolds v Brock*, 815 F2d 571, 574 (CA 9, 1987) (epilepsy); *Bey v Bolger*, 540 F Supp 910, 927 (ED Pa, 1982) (high blood pressure). Moreover, under the federal statute, the court's have recognized that it is sufficient if the individual has a "record" of impairment, even though the impairing condition is in remission or under control. In *School Bd of Nassau Co, Florida v Arline*, 480 US 273, 281; 107 S Ct 1123; 94 L Ed 2d 307 (1987), the Supreme Court found that an employee's hospitalization for tuberculosis in 1957 was a sufficient record of impairment to establish that the employee was handicapped

under the federal act, even though the disease remained in remission for approximately twenty years after the hospitalization:

> This impairment was serious enough to require hospitalization, a fact more than sufficient to establish that one or more of her major life activities were substantially limited by her impairment. Thus, Arline's hospitalization for tuberculosis in 1957 suffices to establish that she has a "record of . . . impairment" . . . and is therefore a handicapped individual.

Despite the additional requirement that the condition substantially limit one or more of the individual's major life activities, the conclusion in *Hines* that a person whose condition is controlled by medication may still qualify as handicapped remains viable. I disagree with the majority's conclusion that the proposed instruction leaps to the conclusion that if a condition requires medication then it constitutes a substantial impairment per se. Rather, the instruction provides that an individual who suffers a determinable physical characteristic that is brought under control by medication *may* still suffer a substantial limitation of major life activity to the extent that the condition, even though controlled, affects the individual's employability. Because a disputed issue at trial was whether plaintiff was in fact handicapped, plaintiff's proposed supplemental instruction was both applicable and accurate under the facts of this case, and may have enhanced the ability of the jurors to decide the case intelligently, fairly, and impartially. *Houston, supra* at 608. Therefore, the trial court abused its discretion in refusing the requested instruction.

The failure to give a properly requested, applicable, and accurate instruction does not require reversal

unless failure to vacate the jury verdict would be inconsistent with substantial justice. MCR 2.613(A); *Houston, supra* at 609. Here, during closing argument plaintiff's counsel argued that the jury was to consider plaintiff's determinable physical condition without the use of medication to determine whether he suffered a substantial limitation of a major life activity. Defense counsel argued that the definition of "handicap" under the act did not require consideration of the fact that medication was used to control the condition, and that a condition controlled by medication was not a handicap. Both plaintiff and defendant vigorously argued the role of medication in this case, and a note sent by the jury to the trial court reveals that the jury was apparently confused regarding the role medication can play in determining whether a physical condition qualifies as a handicap. Not having the benefit of a special verdict form to determine the basis of the jury's verdict for defendant, I would conclude that the failure of the trial court to give plaintiff's proposed instruction resulted in substantial injustice. I would reverse and remand for a new trial.

In all other respects, I concur with the majority opinion.