RECCHIA v TURNER

Docket No. 132315. Submitted October 21, 1992, at Detroit. Decided
December 8, 1992, at 9:45 A.M. Leave to appeal sought.

Chiara Recchia brought a negligence action in the Macomb
Circuit Court against Robert J. Turner and his employer, the
City of Warren, alleging personal injury sustained in a collision
between her automobile and a city-owned front-end loader
Turner was driving on a public road on the way to a job site.
The court, George R. Deneweth, J., granted summary disposi-
tion for the defendants, determining that the front-end loader
was not a motor vehicle for purposes of the motor vehicle
exception to governmental immunity. The plaintiff appealed.

The Court of Appeals held:

The trial court erred in granting summary disposition for the
defendants.

1. MCL 691.1405; MSA 3.996(105) provides that a governmen-
tal agency is liable for bodily injury resulting from the negli-
gent operation by its employee of an agency-owned motor
vehicle, as defined in the Vehicle Code, MCL 257.1 et seq.; MSA
9.1801 et seq.

2. A front-end loader satisfies the Vehicle Code definition of
motor vehicle as a vehicle that is self-propelled, MCL 257.33;
MSA 9.1833, and in, upon, or by which any person or property
is or may be transported or drawn upon a highway, MCL
257.79; MSA 9.1879.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — MOTOR VEHICLES — FRONT-END LOAD-
ERS.

A front-end loader may be considered a motor vehicle for pur-
poses of the motor vehicle exception to governmental immunity
(MCL 257.33, 257.79, 691.1405; MSA 9.1833, 9.1879, 3.996[105]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helve-*

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
§§ 233-245.
What is "motor vehicle" or the like within statute waiving govern-
mental immunity as to operation of such vehicles. 77 ALR2d 945.

*ston & Waldman, P.C.* (by *Barbara M. Robinson*), for the plaintiff.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Anthony J. Calati*), for the defendants.

Before: REILLY, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

PER CURIAM. Plaintiff Chiara Recchia appeals as of right from an order of the Macomb Circuit Court granting defendants' motion for summary disposition based on governmental immunity, MCR 2.116(C)(7). We reverse.

On December 17, 1986, plaintiff and defendant Robert J. Turner were involved in an automobile accident on Nine Mile Road in Warren, Michigan. At the time of the accident, defendant Turner was employed by the City of Warren Water Department and was driving a front-end loader with a backhoe to a job site.

Defendants moved for summary disposition, arguing that defendant Turner was transporting the front-end loader to repair a broken water main as part of a governmental function and that the front-end loader was "special mobile equipment," not a motor vehicle within the exception to governmental immunity set forth in MCL 691.1405; MSA 3.996(105). In response, plaintiff argued that defendant Turner was negligently operating a motor vehicle when the collision occurred and that the definition of "special mobile equipment" relates only to registration requirements.

In granting defendants' motion, the trial court concluded that the front-end loader was "not a device in or upon which a person or property [could] be transported. Rather, it [was] a piece of working equipment which carries a rider only so

that it can be moved to a job site." Consequently, the court decided that the front-end loader was a piece of "special mobile equipment" and not a motor vehicle. It is with this analysis that we must disagree.

The most important rule of statutory interpretation is that the reviewing court discover and give effect to the intent of the Legislature. The intent of the Legislature can be derived from the actual language used in the statute. If the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary. *In re Certified Questions,* 416 Mich 558, 567; 331 NW2d 456 (1982).

Under § 5 of the governmental liability act, MCL 691.1405; MSA 3.996(105), government agencies are liable for injuries resulting from the negligent operation by an employee of a motor vehicle as that term is defined in the Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.* The Vehicle Code defines motor vehicle as a vehicle that is self-propelled, MCL 257.33; MSA 9.1833, and in, upon, or by which any person or property is or may be transported or drawn upon a highway, MCL 257.79; MSA 9.1879.

Special mobile equipment is defined as

> every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road construction or maintenance machinery, mobile office trailers, mobile tool shed trailers, mobile trailer units used for housing stationary construction equipment, ditchdigging apparatus, well-boring and well-servicing apparatus. [MCL 257.62; MSA 9.1862.]

In this case, there was evidence that the front-

end loader was a self-propelled vehicle transport-
ing defendant Turner on the highway when the
collision occurred. And there is no support that we
can find that would prohibit including the front-
end loader within the definition of motor vehicle
just because it also qualifies as a piece of "special
mobile equipment." To the contrary, a panel of
this Court concluded in *Harder v Harder,* 176
Mich App 589; 440 NW2d 53 (1989), that a farm
tractor met the definition of a motor vehicle, and
that type of vehicle is clearly designated as "spe-
cial mobile equipment" in the Vehicle Code. Also
see *Mull v Equitable Life Assurance Society of the
United States,* 196 Mich App 411; 493 NW2d 447
(1992), wherein a panel of this Court concluded
that a front-end loader was a motor vehicle. Be-
cause there is no authority to support the position
that the front-end loader cannot be both a motor
vehicle and special mobile equipment, we are con-
vinced that the trial court erred in granting defen-
dants' motion for summary disposition.

The trial court's grant of summary disposition in
favor of the defendants is reversed and this case is
remanded for further proceedings.