*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY PORHOLA,

　　　　　Plaintiff-Appellant,

v

DEVIN CHARLES JOHNSON and CITY OF
SOUTHFIELD,

　　　　　Defendants-Appellees.

UNPUBLISHED
October 12, 2023

No. 364240
Oakland Circuit Court
LC No. 2021-185679-NI

Before: MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Gary Porhola, appeals as of right the trial court's order granting summary disposition in favor of defendants, Devin Charles Johnson and the City of Southfield, pursuant to MCR 2.116(C)(7). We affirm.

## I. BACKGROUND

On November 7, 2020, Johnson was assigned to drive a Case 580 L Series loader backhoe (backhoe) to a jobsite for his employer, Southfield, to fix a guardrail. Johnson drove the backhoe from the city yard to the jobsite. As Johnson was traveling eastbound on Ten Mile Road, he approached Edgemont Road and prepared to turn left. As Johnson began to make his left turn, plaintiff's vehicle attempted to pass Johnson on the left and collided with the bucket of the backhoe. Plaintiff, the driver of the vehicle, was injured in the accident. Plaintiff filed this action against Johnson and Southfield, asserting that Johnson was grossly negligent and that Southfield was vicariously liable under the motor-vehicle exception to governmental immunity, MCL 691.1405. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing in relevant part that the backhoe was not a motor vehicle for purposes of MCL 691.1405, and that plaintiff failed to plead or prove gross negligence. The trial court agreed and dismissed plaintiff's claims. Plaintiff now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). As explained by this Court:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is appropriate. [*Id.* at 428-429 (footnotes omitted).]

When reviewing a motion for summary disposition, this Court may only consider substantively admissible evidence. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).

This Court also reviews de novo questions of statutory interpretation and the applicability of governmental immunity. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007); *Wood v City of Detroit*, 323 Mich App 416, 419; 917 NW2d 709 (2018).

## III. THE MOTOR-VEHICLE EXCEPTION TO GOVERNMENTAL IMMUNITY

The first issue we address on appeal is plaintiff's claim that the trial court erred by concluding that the backhoe involved in the accident is not a motor vehicle for purposes of the motor-vehicle exception to governmental immunity.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, generally grants governmental agencies and their employees immunity from tort liability when they are engaged in the exercise or discharge of a governmental function, absent an exception. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). From this, it follows that, in order to assert a viable claim against a governmental agency, a plaintiff must plead in avoidance of the GTLA, meaning that the "plaintiff must plead facts establishing that an exception to governmental immunity applies to his or her claim." *Wood*, 323 Mich App at 420. Here, plaintiff attempted to plead the motor-vehicle exception to governmental immunity in MCL 691.1405. That statute provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948. [MCL 691.1405.]

The parties do not dispute that Johnson was a Southfield employee or that Southfield was the owner of the backhoe that Johnson was driving at the time of the accident. At issue is whether the backhoe qualifies as a motor vehicle for purposes of MCL 691.1405.

In *Stanton v City of Battle Creek*, 466 Mich 611, 616-617; 647 NW2d 508 (2002), our Supreme Court observed that the motor-vehicle exception in MCL 691.1405 does not provide a definition of "motor vehicle," and rejected this Court's analysis applying the definition of "motor vehicle" found in the Michigan Vehicle Code, MCL 257.1 *et seq*. The Court explained that, instead, "motor vehicle" as used in MCL 691.1405 should be given its plain meaning. *Id*. at 617. After reviewing two dictionary definitions of the term—one broad and one narrow—the Court held that the narrow definition applied because this was consistent with the "basic principle of our state's jurisprudence that the immunity conferred upon governmental agencies and subdivisions is to be construed broadly and that the statutory exceptions are to be narrowly construed." *Id*. Accordingly, the Court held that "motor vehicle" as used in MCL 691.1405 means "an automobile, truck, bus, or similar motor-driven conveyance." *Id*. Applying that definition, the Court held that the forklift involved in that case was not a motor vehicle under MCL 691.1405 because a forklift "is a piece of industrial *equipment*" that was "not similar to an automobile, truck, or bus." *Id*.

In light of this narrow definition, we have little difficulty concluding that the backhoe in this case was not a motor vehicle under MCL 691.1405. First and foremost, the backhoe in this case does not resemble or move like an automobile or a truck. Johnson testified that he drove the backhoe with flashers and a beacon light because the backhoe did not travel faster than 25 miles per hour. The operator's manual confirms that the backhoe's highest speed is 25 miles per hour. The operator's manual further indicates that the purpose of the backhoe "with standard attachments and equipment, is . . . for below ground level digging and general earthmoving purposes, such as trenching, truck loading, and material rehandling." Nothing in the operator's manual (or in any of the other evidence in the record) suggests that the backhoe was intended to be operated on highways similar to an automobile, truck, or bus. In fact, the operator's manual contains a section that instructs how to transport the machine on a trailer. Johnson testified that he was not sure if Southfield had a trailer that could have been used to transport the backhoe to a construction site, but when he worked for the Public Works Department in Dearborn, he would drive a backhoe to a construction site if the route was short and he could travel along residential streets. Otherwise, the backhoe would be trailered to the destination. In light of the evidence in the record, we agree with the trial court that the backhoe in this case was not a motor vehicle under MCL 691.1405.

In arguing against this result, plaintiff directs this Court's attention to a number of other cases, but none of them dictate a different result. First, plaintiff directs this Court to *Regan v Washtenaw Co Rd Comm'rs*, 257 Mich App 39, 47; 667 NW2d 57 (2003), which held that a broom tractor and tractor mower were motor vehicles for purposes of MCL 691.1405. But that holding was premised on the fact that both a broom tractor and a tractor mower were "intended to be operated" on the roadway or alongside the roadway, and this Court noted that "[t]here is no similar connection or relationship between the road and a forklift as was involved in *Stanton*." *Id*. at 47-48. As already explained, no evidence in this case supports that the backhoe involved in the accident was intended to be operated on highways similar to an automobile, truck, or bus, unlike the broom tractor and tractor mower at issue in *Regan*.

Plaintiff next directs this Court's attention to *Wesche v Mecosta Co Rd Comm*, 267 Mich App 274, 278; 705 NW2d 136 (2005), aff'd 480 Mich 75 (2008), which held that a "Gradall" was a motor vehicle under MCL 691.1405. As that Court explained,

> The Gradall, a wheeled, motorized vehicle operated by a driver, generally resembles a truck and moves like a truck. The significant difference between it and a truck is that mounted on the back of the vehicle is a unit that operates a hydraulic excavation tool. . . . Moreover, when the Gradall is not being used for excavation, it can be driven along the roadways just like a truck and transports both its attached excavation unit and the driver. [*Id*.]

The backhoe at issue in this case does not "generally resemble[] a truck" nor does it "move[] like a truck." Also, as already explained, if a backhoe is driven on a roadway, it is not similar to a truck; it can only reach a speed of 25 mph. In our opinion, the backhoe involved in this case is closer to a piece of construction equipment like the forklift in *Stanton* than the Gradall in *Wesche*.

Finally, plaintiff directs this Court's attention to *Recchia v Turner*, 197 Mich App 432; 495 NW2d 807 (1992). That case, however, relied entirely on the definition of a "motor vehicle" in the Motor Vehicle Code. *Recchia*, 197 Mich App at 434. As already explained, our Supreme Court in *Stanton* rejected this approach. *Stanton*, 466 Mich at 616-617. For this reason, plaintiff's reliance on *Recchia* is misplaced.

Accordingly, we conclude that, despite the fact that Johnson was driving the backhoe on the roadway at the time the accident occurred, the physical attributes and intended use and purpose of the backhoe do not meet the definition of a motor vehicle for purposes of MCL 691.1405. It follows that the trial court did not err by holding that the exception to governmental immunity in MCL 691.1405 did not apply.

## IV. GROSS NEGLIGENCE

Plaintiff also argues that Johnson was not entitled to summary disposition because there are genuine issues of material fact regarding whether Johnson was grossly negligent. We disagree.[1]

Pursuant to MCL 691.1407(2)(c), a governmental employee is only immune from tort liability if the employee's "conduct does not amount to gross negligence . . . ." MCL 691.1407(8)(a) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Gross negligence suggests an "almost willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Wood*, 323 Mich App at 424 (quotation marks and citation omitted). Evidence of ordinary negligence does not create a material question of fact concerning gross negligence. *Maiden*, 461 Mich at 122-123.

---

[1] At oral argument, counsel for plaintiff conceded that the facts of this case do not establish gross negligence and withdrew the argument. We nevertheless address the issue for thoroughness.

Viewing the evidence in the light most favorable to plaintiff, we conclude that plaintiff failed to allege facts or produce evidence sufficient to support a finding of gross negligence because there is simply no evidence from which a reasonable trier of fact could conclude that Johnson acted so recklessly as to demonstrate a substantial lack of concern for whether an injury results. Evidence was presented that Johnson was driving below the speed limit, and plaintiff admitted that he noticed the yellow flashing lights on top of the backhoe. Plaintiff testified that when he approached the backhoe on Ten Mile Road, he was driving 40 to 45 miles an hour, but he admitted that he could not tell whether the backhoe was moving or standing still. There was no evidence that plaintiff slowed down, and the result was ultimately that Johnson did not see plaintiff's vehicle, turned the backhoe, and collided with plaintiff's vehicle. When viewed in the light most favorable to plaintiff, the disputed facts certainly support that Johnson acted negligently, but that is not enough to create a question of fact regarding gross negligence. See *id*. Without evidence that Johnson acted with an "almost willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks," *Wood*, 323 Mich App at 424, the trial court did not err by concluding that plaintiff failed to allege or establish gross negligence.[2]

Given our resolution of the foregoing issues, it is unnecessary to consider plaintiff's remaining arguments on appeal.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[2] Plaintiff also argues that the trial court erred by refusing to consider a letter from plaintiff's expert. Yet, even assuming that this was error, it is unclear how it amounted to reversible error. On appeal, plaintiff merely contends, "After completing his investigation, [plaintiff's expert] found Mr. Johnson was negligent." Yet this opinion has already concluded that, when the evidence is viewed in the light most favorable to plaintiff, Johnson's conduct was negligent. It therefore appears that the trial court's failure to consider the letter from plaintiff's expert—if it was error—was harmless. See MCR 2.613(A).